IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTOPHER R. BATES,<br><br>        Debtor.<br>_____<br><br>DASAMI INC. DBA CAPITOL CITY<br>AUTOMOTIVE,<br><br>        Garnishee.<br>_____ | Case No. 2:22-MC-00259-KJM-CKD<br><br>**ORDER OF CONTINUING GARNISHMENT**<br><br>Criminal Case No. 2:00-CR-00229-MCE |

On August 23, 2022, The United States, in accordance with the Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. § 3205(b)(1), requested that the Clerk of the United States District Court issue a Writ of Continuing Garnishment against twenty-five percent (25%) of Christopher R. Bates's non-exempt disposable earnings held by Dasami Inc., doing business as Capitol City Automotive.  (ECF No. 1.)  The United States averred that, upon information and belief, Bates is an employee and/or independent contractor of Dasami/Capitol City Automotive.  (ECF No. 2 at 1.)

On November 4, 2003, the district court sentenced Bates in criminal case number 2:00-CR-00229-MCE.  The judgment was amended after appeal on or about March 22, 2005, and

ordered Bates to pay a statutory assessment of $300.00 and restitution of $1,738,520.10.  *See United States v. Bates*, 2:00-CR-00229-MCE (E.D. Cal.), ECF No. 337.  The United States avers that, as of August 23, 2022, Bates owed $1,723,330.26 and has failed to satisfy the debt.  (ECF No. 1 at 1-2.)

On November 22, 2022, the United States filed a request for findings and recommendations in the instant action.  ECF No. 8.  The magistrate judge issued findings and recommendations on November 29, 2022, recommending that a final order of continuing garnishment be granted.  ECF No. 10.  Bates has filed objections to the findings and recommendations, ECF Nos. 13 & 14, requesting that the court modify the requested garnishment order and surcharge due to financial hardship.  The United States has filed a response.  ECF No. 15.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.  The court writes separately only to address Bates's objections to the findings and recommendations.

Bates received notice that he could object to the proposed writ, claim exemptions, and request a hearing.  *See* Instructions to Debtor, ECF No. 5-1; Form Request for Hearing, ECF No. 5-5; Certificate of Service, ECF No. 5.  He did not object, seek a hearing, or claim exemptions.  In addition, the 10% litigation surcharge will not be paid until Bates satisfies the debt, as the United States acknowledges, but it is an additional charge, and the United States is entitled to it by statute.  *See United States v. Pioch*, 5 F.4th 640, 645 (6th Cir. 2021) ("In the mine-run restitution scenario, it would be unjust and unfair to allow the Government to collect the § 3011(a) surcharge ahead of the victim of a crime or to subtract the surcharge from the amount that the victim is owed."); *see also* 28 U.S.C. § 3011(a) ("[T]he United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt.").

Accordingly, IT IS ORDERED that:

1.  The findings and recommendations issued November 29, 2022 (ECF. No. 10) are adopted in full;

/////

2. Dasami Inc. DBA Capitol City Automotive is directed to pay the Clerk of the United States District Court twenty-five percent (25%) of Debtor Christopher R. Bates ongoing and non-exempt disposable earnings, including, but not limited to wages, earnings, commissions, and bonuses;

3. Dasami Inc. DBA Capitol City Automotive is directed to pay the Clerk of the United States District Court the amount of non-exempt disposable earnings, including, but not limited to wages, earnings, commissions, and bonuses, already withheld as a result of the writ, within fifteen (15) days of the filing of the Final Order.  Payment shall be made in the form of a check, money order, or company draft, made payable to the "Clerk of the Court" and delivered to:

> Office of the Clerk
> 501 I St., Rm. 4-200
> Sacramento, CA 95814

The criminal docket number (2:00-CR-00229-MCE) shall be stated on the payment instrument;

4. The United States is entitled to recover a $172,313.14 litigation surcharge after satisfaction of the judgment amount owed by Christopher R. Bates.  Garnishee shall pay the litigation surcharge to the United States Department of Justice, who will provide payment instructions to the Garnishee concurrently with service of the final order;

5. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

6. The garnishment shall terminate when (1) the United States seeks to terminate the writ or (2) when the judgment amount and litigation surcharge are fully satisfied.

DATED:  January 17, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE